IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CAZZIE L. WILLIAMS,**

    Petitioner,

v.                                                                  Civil Action No. 3:11CV689

**ERIC D. WILSON,**

    Respondent.

## MEMORANDUM OPINION

Cazzie L. Williams, a federal prisoner confined in Petersburg, Virginia, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition"). Williams is currently serving a 156-month sentence pursuant to a conviction in the United States District Court for the District of New Jersey ("Sentencing Court") for four counts of bank robbery. On July 22, 2009, the Sentencing Court denied a 28 U.S.C. § 2255 motion filed by Williams challenging the above convictions and sentence. *Williams v. United States*, No. 08-1242 (JAG), 2009 WL 2191178, at *5 (D.N.J. July 22, 2009). In June of 2010, Williams filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Sentencing Court which was dismissed as a successive motion pursuant to 28 U.S.C. § 2255. (§ 2241 Pet. 5.)[1] The current § 2241 Petition is also a successive, unauthorized 28 U.S.C. § 2255 motion.

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (*quoting Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). The United States Court of Appeals for the Fourth

---

[1] Because the pages of the § 2241 Petition are not consecutively numbered, the Court will refer to the § 2241 Application using the page numbers assigned to that document by the CM/ECF system.

Circuit has stressed that an inmate may challenge his conviction under § 2241 "only in very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (internal quotation marks omitted). Specifically, "[w]hen § 2255 'appears . . . inadequate or ineffective to test the legality of his detention,' § 2255(e), . . . a federal prisoner may seek habeas relief from the court in the district of his confinement under § 2241." *Id.* at 270 (first alteration in original) (citing *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000)). In deciding *In re Jones*, the Fourth Circuit concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34. Williams fails to demonstrate that the substantive law has changed since his direct appeal and first § 2255 motion. Thus, he fails to demonstrate that he can proceed under 28 U.S.C. § 2241.[2] Furthermore, he cannot proceed by way of 28 U.S.C. § 2255 because he has not obtained authorization from the appropriate court of appeals to file a

---

[2] Williams challenges his incarceration on three grounds:

Claim One  "Cazzie Williams is being held unlawfully because he pled guilty to an indictment 'charging [no] crime', but was sentenced for a four-count indictment charging 'Bank Robbery'." (§ 2241 Pet. 5 (alteration in original).)

Claim Two  "Cazzie Williams is being held unlawfully because there was [no] conviction on record for any four-count indictment charging 'Bank Robbery'." (*Id.* at 6 (alteration in original).)

Claim Three  "Cazzie Williams is being held unlawfully because the District Court entered a 'Judgment & Commitment Order' adjudicating him guilty of the [unconvicted] 'Bank Robbery' charge (CRNo 08-842)." (*Id.* (alteration in original).)

2

successive 28 U.S.C. § 2255 motion. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Accordingly, the action will be DISMISSED for want of jurisdiction.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 12/7/11
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

3